# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:16-CV-00746-FDW

| | | |
|---|---|---|
| **ROSIE M. HARDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits under 42 U.S.C. § 405(g). For the reasons that follow, Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

The procedural history of this case is undisputed. Plaintiff filed an application for a period of disability benefits on August 27, 2012. (Tr. 161, 205). Plaintiff initially alleged disability commencing on April 23, 2009, due to hypertension, a back injury and herniated disk, left eye blindness, arthritis of the back, and a brace on the left ankle. (Tr. 208). Plaintiff's application was denied initially on November 12, 2012, and then again denied upon reconsideration on March 13, 2013. (Tr. 100, 105). An Administrative Law Judge ("ALJ") held a hearing on January 12, 2015, where Plaintiff appeared and testified. (Tr. 33-64). At that point, Plaintiff amended her onset date to February 19, 2013. (Tr. 178). The ALJ issued a decision on April 16, 2015, finding Plaintiff

was not disabled at any point between her amended alleged onset date and the date Plaintiff's disability insured status expired on December 31, 2014. (Tr. 16-27, 173). Plaintiff requested Appeals Council review. While the case was pending before the Appeals Council, Plaintiff sought to introduce new evidence, including a January 2014 opinion from Plaintiff's treating physician Dr. Raad, which had not been submitted to the ALJ. On August 29, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-7). Plaintiff then brought the instant suit before this Court, and this case is now ripe for judicial review pursuant to Section 205(g) of the Act, 42 U.S.C. § 405(g).

In reaching her decision, the ALJ used the five-step sequential evaluation process for the evaluation of claims for disability under the Act. (Tr. 16-27); 20 C.F.R. § 404.1520(a)(4). On step one of the process, the ALJ found Plaintiff had not engaged in substantial gainful activity between the amended alleged onset date, February 19, 2013, and the date Plaintiff's insured status expired, December 31, 2014. (Tr. 17). At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis, status post left ankle fracture, hypertension, visual impairment in the left eye, obesity, and degenerative joint disease. (Tr. 18). The ALJ also determined Plaintiff's alleged mental limitations were not severe impairments. (Tr. 19). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings. (Tr. 19).

At step four, the ALJ determined Plaintiff, despite her impairments, could perform light work as defined in 20 C.F.R. § 404.1567(b), and was limited to the following:

> [o]ccasional pushing and pulling and use of foot pedals in the left lower extremities; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional postural movements including balancing, stooping, kneeling, crouching, and crawling; jobs that require only monocular vision; occasional exposure to workplace hazards, such as unprotected heights and dangerous machinery; and that allow claimant to alternate between sitting and standing two times per hour.

(Tr. 19-20). Also, at step four the ALJ found Plaintiff could no longer perform any of her past relevant work. (Tr. 25). At step five, the ALJ determined that in light of Plaintiff's RFC, age, education, work experience, and the Vocational Expert's ("VE") testimony, Plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 27). Those jobs included the representative light level jobs of test technician, general clerk, and group sales representative. (Tr. 27). Pursuant to the reasons stated above, the ALJ found Plaintiff was not disabled under the Act. (Tr. 27).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), restricts and narrows this Court's review of a final administrative decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). It is not the role of the District Court to reweigh conflicting evidence or make any credibility determinations regarding that evidence because "it is not within the province of the reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d. 585, 589 (4th Cir. 1996)

(quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Even in instances where a reviewing court would have come to a different conclusion than the Commissioner, the reviewing court must uphold the decision of the Commissioner so long as the Commissioner's decision is supported by substantial evidence. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1972); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972). Pursuant to Section 205(g) of the Social Security Act, the findings of the Commissioner, if supported by substantial evidence, shall be conclusive.

The Social Security Act sets forth a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one requires the ALJ to make a determination as to whether the claimant is engaged in substantial gainful activity; if claimant is, he will be found not disabled. <u>Id.</u> § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. <u>Id.</u> § 404.1520(a)(4)(ii). Step three assesses whether the claimant's impairment or combination of impairments meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, if the claimant does meet one of the listings, then the claimant will be found disabled. <u>Id.</u> § 404.1520(a)(4)(iii). Step four determines whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. <u>Id.</u> § 404.1520(a)(4)(iv). Finally, step five considers whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. <u>Id.</u> § 404.1520(a)(4)(v). Plaintiff bears the burden of proof through the first four steps. <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995).

### III.   ANALYSIS

On appeal to this Court, Plaintiff makes two assignments of error. First, Plaintiff argues the Appeals Council erred in failing to vacate the ALJ's decision where new evidence was

submitted to the Appeals Council. (Doc. No. 11, p 5). Second, Plaintiff argues the ALJ failed to give adequate explanation as to why Plaintiff's mild mental limitations in daily activities, ability to maintain social function, and concentration, persistence, or pace ("CPP") were not factored into Plaintiff's RFC. Id. For the reasons stated below, this Court finds Plaintiff's remand is appropriate for Plaintiff's first assignment of error, and thus, renders Plaintiff's second assignment of error moot.

### A. Plaintiff's Evidence Submitted to the Appeals Council

Plaintiff argues the Appeals Council erred by not vacating the ALJ's decision based on new and material evidence Plaintiff provided to the Appeals Council. Plaintiff explains the new evidence includes a questionnaire from Dr. Raad, who had been treating Plaintiff since at least May, 2010, in which he opines, in part, that Plaintiff is only capable of less than 2 hours total standing/walking in an 8-hour workday; can sit for a total of about 4 hours in an 8-hour workday; that Plaintiff must walk around for about 15 minutes every 90 minutes; and that she would be absent from work on average about 2 days per month. (Tr. 688-692) Plaintiff contends this "new and material" evidence contain opinions to directly contradict the ALJ's residual functional capacity that Hardy was capable of light work, and the Appeals Council should have remanded accordingly.

Defendant points out the January 2014 opinion at issue here is dated over a year before the ALJ issued her decision on April 16, 2015. Defendant also fails to provide any explanation as to why Plaintiff waited until the case was at the Appeals Council level of review to submit the 2014 opinion to the agency—especially since Plaintiff had submitted to the ALJ another opinion from Dr. Raad that was dated January 30, 2015 (Tr. 4, 24, 282). The Court finds problematic Plaintiff's failure to make clear why she did not submit the January 2014 letter to the ALJ to consider and

weigh along with the rest of the evidence of record.  Nevertheless, without deciding whether such

evidence constitutes "new" evidence under applicable law, the Court fails to find error in the

Appeals Council decision.

As the Fourth Circuit has explained:

> If "dissatisfied" with an ALJ decision as to entitlement to disability benefits, a claimant "may request" that the Appeals Council review "that action." 20 C.F.R. § 404.967. When a claimant requests review of an ALJ decision, the Appeals Council "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to [the ALJ]." Id. (emphases added). The Appeals Council will grant a claimant's request for review rather than deny or dismiss the request if:
> > (1) There appears to be an abuse of discretion by the [ALJ];
> > (2) There is an error of law;
> > (3) The action, findings, or conclusions of the [ALJ] are not supported by substantial evidence; or
> > (4) There is a broad policy or procedural issue that may affect the general public interest.

> Id. § 404.970(a).

> The regulations also specifically permit claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council. See id. §§ 404.968, 404.970(b). In such cases, the Appeals Council first determines if the submission constitutes "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." Id. § 404.970(b). Evidence is new "if it is not duplicative or cumulative" and is material if there is "a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) . . . .

> Confronted with such new and material evidence, the Appeals Council then "evaluate[s] the entire record including the new and material evidence." Id. § 404.970(b). After this evaluation, if the Appeals Council finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record," id., it will grant the request for review and either issue its own decision on the merits or remand the case to the ALJ. Id. §§ 404.967, 404.977(a), 404.979. But if upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review. *Contrary to [the plaintiff's] contention, nothing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review*.

Meyer v. Astrue, 662 F.3d 700, 704–05 (4th Cir. 2011) (emphasis added).

Here, Plaintiff has not demonstrated the Appeals Council failed to properly consider evidence she contends to be "new and material." Indeed, it appears the Appeals Council evaluated the entire record, including the "new" evidence, and found the ALJ's action, findings, and conclusions not contrary to the weight of the evidence. Thus, the Appeals Council's decision denying review in the instant cases is sufficient under governing law, despite the fact the Appeals Council failed to explain its basis for denying review or otherwise expand upon its decision to not remand to the ALJ in light of the "new evidence." See Meyer, 662 F.3d at 705–06 (concluding "the regulations do not require the Appeals Council to articulate its rationale for denying a request for review"). As the Fourth Circuit held, "the regulatory scheme does not require the Appeals Council to do anything more than what it did in this case, i.e., 'consider new and material evidence . . . in deciding whether to grant review.'"). Id.

Even if Plaintiff could show the Appeals Council failed to consider new evidence, Plaintiff's argument that this "new evidence" fills "evidentiary gaps and contradicts the findings of the ALJ" is unsupported. The ALJ's decision here clearly indicates it considered evidence from Dr. Raad – the author of the "new evidence" – and other adequate record evidence regarding Plaintiff's RFC for the AJL to reach her determination. The ALJ considered Plaintiff's subjective complaints, treatment notes from Drs. Hanley and Heil, laboratory diagnostic tests, and the third party function report from Plaintiff's husband (Tr. 20-25). The ALJ also considered the opinion of State agency medical consultant Dr. Virgili, who opined that Plaintiff could perform light work with additional postural, visual, and environmental limitations (Tr. 24). The ALJ further considered Dr. Heil's pain management records indicating that Plaintiff reported fairly good control over her pain (Tr. 25). All of this evidence provides substantial support for the ALJ's RFC finding. Plaintiff

has not otherwise shown error in the Appeals Council's decision regarding the "new evidence" Plaintiff presented at that stage.

## B. Plaintiff's Mental Limitations

Plaintiff also contends the ALJ failed to properly give a complete function-by-function analysis of the nonexertional mental functions associated with Plaintiff's difficulties in the broad areas of functioning and does not make a complete finding as to her mental residual functional capacity. In response, Defendant argues the ALJ's discussion of Plaintiff's mental health in step two sufficiently addressed the lack of any functional limitations resulting from Plaintiff's mental status. In step two, the ALJ stated there was no evidence Plaintiff's mental limitations interfered with her ability to understand, remember, and carry out simple instructions. (Tr. 19). The ALJ also noted in step two the lack of evidence for Plaintiff's mild mental limitations interfering with her ability to use judgment; to respond appropriately to supervisors, co-workers, and usual work situations; or to deal with changes in a routine work setting. (Tr. 19). Specifically, the ALJ found:

> The undersigned agrees with the State agency psychological consultants' mental assessments in finding the claimant's alleged depression and anxiety are not "severe" as defined in the Regulations as they are consistent with the medical evidence of record as a whole. . . . Specifically, the evidence indicates she has not received any mental health treatment. Her treating primary care provider did start her on Cymbalta, which she reported helped, and her treating provider noted her depression was under "good control" on at least one occasion. . . . There is no evidence she has been referred for further psychiatric treatment, and she predominately had normal mental status upon examination. Therefore, the evidence shows that the claimant's depression causes no more than mild functional limitations. Her symptoms of depression and anxiety do not interfere with her ability to understand, carry out, and remember simple instructions, respond appropriately to supervisors, co-workings, and usual work situations, or deal with changes in a routine work setting. . . . Accordingly, the undersigned finds that her depression is not a "severe" impairment.

(Tr. 19). Later, the ALJ found "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible . . ." and "the claimant's allegations

8

and testimony are not fully credible." (Tr. 21, 23). In evaluating Plaintiff's RFC, the ALJ explained:

> Regarding the opinion evidence, in making this finding, the undersigned has given little weight to the claimant's treating provider's medical source statement. . . . Specifically, therein, Dr. Raad opined the claimant's pain and symptoms would constantly interfere with attention and concentration needed to perform simple tasks; her imparments produce good days and bad days; she would like[ly] miss more than four days per week, on a regular and sustained basis. . . . Initially, the undersigned notes that Dr. Raad is not an orthopedic specialist or otherwise. Additionally, he did not provide an opinion as to the claimant's function by function limitations, and he did not provide any explanation or citation to any objective or clinical findings in support of his opinions. Further, his opinions are not consistent with his own treatment notes or with Dr. Hanley's or Dr. Heil's treatment notes, which do not consistently document significant objective findings and suggest that the claimant's pain was fairly well controlled with medication.
>
> Otherwise, the undersigned has given great weight to the State agency medical and psychological consultants' opinions . . . . Specifically, Dr. Herrera, Ph.D., opined the claimant does not have a "severe" mental impairment, as her depression causes no more than mild functional deficits. . . . This opinion is consistent with the fact that she did not receive any mental health treatment, and her depression was documented by her primary care provider as fairly well controlled with medication.

(Tr. 24).

Plaintiff contends that Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), and the later-decided Reinhardt v. Colvin, No. 3:14-cv-488, 2015 WL 1756480 (W.D.N.C. April 17, 2015) mandate that the ALJ must translate even mild mental health impairments into work-related functional limitations. In Mascio, the Fourth Circuit held that remand may be appropriate where "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)); Reinhardt, 2015 WL at *3 (". . . Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-

related limitations when plaintiff's RFC for work is considered."). The Court disagrees with Plaintiff's arguments here.

First, this case is distinguishable from Mascio, which dealt with a finding of "moderate" limitations, not mild limitations as Plaintiff suffers here. Mascio, 780 F.3d at 638 ("Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity."). As this case concerns only "mild difficulties," it does not trigger the RFC discussion requirements of Mascio per se. This Court does not interpret Mascio's holding as extending to all restrictions. See Barnes v. Berryhill, No. 517CV00052RJCDCK, 2018 WL 1004746, at *1 (W.D.N.C. Feb. 21, 2018) (citing Brooks v. Berryhill, No. 3:15-CV-00440-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017) (holding that "Mascio dealt with 'moderate' restrictions and did not hold that all restrictions, including mild restrictions, be explicitly discussed in terms of RFC."); Gilbert v. Berryhill, No. 5:16-CV-00100-MOC, 2017 WL 1196452, at *3 (W.D.N.C. Mar. 29, 2017) (findings that Mascio did not apply to cases of mild difficulties); Roberson v. Colvin, No. 3:14–cv–00488–MOC, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016) (finding that, because the case "concerns only 'mild difficulties,' it [did not] trigger the RFC discussion requirements of Mascio per se.")). Moreover, Plaintiff has not pointed to any evidence of record demonstrating an inability to stay on task or other evidence to conflict with the ALJ's findings and conclusions. Thus, the facts in this case are not even remotely similar to those in Mascio, where the ALJ found moderate mental limitations but failed to articulate whether or not they would translate to any additional limitations in the RFC. Due to Plaintiff's mild limitations, the Court finds the ALJ's RFC analysis sufficient.

Second, this case is distinguishable from <u>Reinhardt</u>. In <u>Reinhardt</u>, the "ALJ never returned to any discussion of [the claimant's] mental impairments in his RFC findings and therefore omitted any mental impairment when creating an RFC." 2015 WL 1756480 at *4. Such is not the case here. In the present case and as quoted above, the ALJ discussed a great deal of medical evidence relevant to Plaintiff's mental impairments. Moreover, those findings above are supported by substantial evidence. As the ALJ noted, State agency psychological consultant Nancy Y. Herrera, Ph.D., opined that Plaintiff's mild mental impairments did not impose more than minimal functional limitations, and thus her mental impairments were non-severe (Tr. 24, 19, 91-92). The ALJ also explained that Plaintiff has not received any mental health treatment, and that there was no evidence that any doctor referred Plaintiff for further psychiatric treatment, given her predominantly normal mental status examinations where she demonstrated normal mood and appropriate affect (Tr. 19, 482, 485, 487, 490). Further, as the ALJ noted, after Dr. Raad started Plaintiff on Cymbalta, Plaintiff reported that her alleged depression was under "good control" (Tr. 19, 511). Thereafter, Dr. Raad's notes do not appear to mention any psychiatric complaints (Tr. 507-510). Plaintiff did not allege any mental impairments when she filed her application for benefits, or when she testified at the ALJ hearing (Tr. 40, 41, 208). When Plaintiff met with the consultative examiner in February of 2013, she presented no psychiatric complaints to him. (Tr. 471-74). The ALJ also explained why she gave Plaintiff's husband's third party function report little weight as it was inconsistent with the other record evidence that "indicates generally normal mental stats exams and adequate concentration and thought processes . . . ." (Tr. 25). In sum, the ALJ explained Plaintiff's mental limitations – or lack thereof – in significant detail throughout the RFC assessment.

Ultimately, this Court's role is to determine whether the ALJ's RFC analysis considered the relevant functions, whether that decision provides a sufficient basis to review the conclusions, and, ultimately whether that decision is supported by substantial evidence in the record.  Here, the Court is not "left to guess."  The ALJ examined the relevant functions and had substantial evidence before her upon which to base her determination.

### III.    CONCLUSION

The Court has carefully reviewed the ALJ's decision, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error.  Review of the entire record reveals that the ALJ's decision is supported by substantial evidence.  For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

**IT IS SO ORDERED.**

Signed: March 19, 2018

Frank D. Whitney
Chief United States District Judge